FILED
2005 Sep-13  AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JACK DAVID STOVALL, II, | ] |
| | ] |
| Movant, | ] |
| | ] |
| vs. | ]   CIVIL ACTION NO. 02-B-8036-E |
| | ]   CRIMINAL NO. 97-B-229-E |
| | ] |
| THE UNITED STATES OF AMERICA, | ] |
| | ] |
| Respondent. | ] |

**MEMORANDUM OPINION AND ORDER**

On September 22, 2004, the magistrate judge denied Stovall's motions for discovery and bail. On September 24, 2004, the magistrate judge entered an order requiring the movant to amend his motion to vacate by filing a single, self-contained pleading, containing all of his claims and all of the information necessary for the resolution of his claims so the court is not required to look outside of the pleading to determine the basis for his claims.

On October 13, 2004, Stovall filed a document entitled "Mr. Stovall's Objections to the Magistrate Judge's Orders," in which he objects to the "apparent" reference of the motion to vacate and all related proceedings to the magistrate judge without his consent and without an order of reference being docketed or provided to him. The motion to vacate was referred to the magistrate judge pursuant to the court's general order of October 1, 1990, which provides that "[a]ll those matters under the heading 'Prisoner Petitions' enumerated in Rule 2(a)(4) of the Rules Governing Jurisdiction and Authority of the United States Magistrates" are " referred to the full-time United States Magistrates without the necessity of a specific order of reference." "Motions filed by federal

prisoners for the correction or reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure or to vacate sentence under 28 U.S.C. § 2255" are listed in Rule 2(a)(4)(B) of the Rules Governing Jurisdiction and Authority of the United States Magistrates.  Therefore, Stovall's motion was automatically referred to a magistrate judge when it was filed, without the necessity of a specific order of reference or Stovall's consent.

Stovall also objects to the denial of the motions for discovery and bail and to the order requiring him to amend his motion to vacate.  Rule 72(a) of the *Federal Rules of Civil Procedure* provides that:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.

Stovall's objections to the denial of his motions were filed 21 days after the motions were denied.  His objections to the order to amend were filed 19 days after the order was entered.  Thus, Stovall's objections are untimely and are hereby overruled.

On October 15, 2004, Stovall filed a "Supplement to Objections to the Magistrate Judge's Orders."  Stovall's counsel states that due to the recent hurricanes in Florida, Stovall has been transferred to a prison in Kentucky, without any of his legal papers.  He claims that due to his legal papers not being with him, he has no way of meaningfully complying with the order requiring him to amend his motion, or assisting his attorney with the amendment.  The court notes that the main reason the magistrate judge required the amendment was because the motion and other pleadings were filed pro se and were not prepared in a manner in which the claims could be easily discerned.[1]

---

[1] The pleadings filed *pro se* by Stovall, as well as the memorandum filed by Stovall's attorney, do not contain all the information necessary to determine the factual basis of his claims. Although many of the claims and subclaims contain references to various paragraphs from affidavits and/or other exhibits, they do not contain summaries or quotes from the referenced information.

2

Since Stovall is now represented by counsel, the court expects counsel to prepare the amendment, rather than Stovall himself. However, if the movant requires additional time to comply with the order, he should file a motion requesting an extension of the deadline.

> Stovall points out that:
>
> there was no notice regarding the right to file objections, provided for statutorily and by the federal rules, appended to any of the Orders from the Magistrate Judge which he received. The same is true for the Orders received by the undersigned.
>     Perhaps that is the general practice of this Court and, therefore, not noteworthy. It has been the undersigned's experience in other courts that all Orders and Reports and Recommendations issued by a Magistrate Judge that are subject to objections to the district court have such notices and advice of rights appended to them. Since there is a history in this case of failure to docket or acknowledge filings and various other oversights, Mr. Stovall wishes simply to call this matter to the Court's attention.

Although the court generally does advise *pro se* litigants of their right to object to recommendations issued by magistrate judges, there is no such requirement. In cases where the parties are represented by counsel, no such notice or advice is given, since attorneys are presumed to have knowledge of the applicable rules.

Stovall's supplemental objections were filed on October 13, 2004, 23 days after his motions were denied and 21 days after the order to amend was entered. Thus, the supplemental objections are untimely and are also overruled.

---

Instead, the reader is required to follow Stovall's references to portions of other filings to gather the facts of his claims. The court expects all the information necessary to the resolution of Stovall's claims to be contained in a single pleading. References to affidavits and other portions of the record should be made only for verification purposes. All relevant facts supporting Stovall's claims should be contained in the motion, without the necessity of looking at various portions of affidavits and other parts of the record. Although counsel states that the memorandum he filed on Stovall's behalf was comprehensive and addressed all of the issues, the fact is that the memorandum is no different in style from the *pro se* materials submitted by Stovall. In fact, the memorandum contains much of the same language used in the *pro se* materials and contains most, if not all, of the same references to the addendum and affidavits that Stovall made in his *pro se* materials.

On or before **September 27, 2005**, the movant shall comply with the magistrate judge's order to amend the motion, absent which the petitioner's motion will be denied.

**DONE** this 12th day of September, 2005.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE