FILED

2005 Sep-14  AM 10:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CV 02-B-8036-E** |
| | ) | **CR 97-B-0229-E** |
| **JACK DAVID STOVALL, II,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM OPINION AND ORDER

Petitioner Jack David Stovall, II, has asked this court to "disqualify" itself from consideration of his Motion to Vacate.  For the reasons set forth below, Stovall's "Motion for Disqualification" is **DENIED**.

## A.  RECUSAL

Questions of recusal are governed by 28 U.S.C. § 455, which states in pertinent part:

§ 455.  Disqualification of justice, judge, or magistrate judge

(a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)  He shall also disqualify himself in the following circumstances:

(1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. § 455(a) and (b)(1).

Petitioner did not state whether his Motion for Disqualification was made pursuant to § 455(a) or § 455(b)(1).  Therefore, the court will address each ground separately because there are several differences in the subsections;  As the Eleventh Circuit has held –

> [T]he differences between the two subsections [§ 455(a) and § 455(b)] are evident.  While subsection (b) sets forth specific circumstances requiring recusal, which establish the fact of partiality, subsection (a) sets forth a general rule requiring recusal in those situations that cannot be categorized neatly, but nevertheless raise concerns about a judge's impartiality.  *See* 28 U.S.C. § 455(a)-(b).  Although both subsections provide reasons for recusal, subsection (b) is stricter than subsection (a) because the need for a judge's recusal under subsection (b) is clear; once it has been established that one of the enumerated circumstances exists, there can be no dispute about the propriety of recusal.  Under subsection (a), however, whether recusal is necessary is not as readily apparent.  As subsection (a) does not set forth specific circumstances requiring recusal and instead provides a general rule requiring recusal when there is an appearance of impropriety, we must ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."

*United States v. Patti*, 337 F.3d 1317, 1321-22 (11th Cir. 2003)(quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988), *cert. denied* 490 U.S. 1066 (1989)), *cert. denied* 540 U.S. 1149 (2004).

### 1. Proceeding In Which Judge's Impartiality Might Reasonably Be Questioned

With regard to recusal under § 455(a), the Eleventh Circuit has held:

> Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The standard under § 455 is objective and requires the court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990)(citation omitted).  Under 28 U.S.C. § 455, it is well

2

settled that the allegation of bias must show that "the bias is personal as distinguished from judicial in nature." *United States v. Phillips*, 664 F.2d 971, 1002 (5th Cir. Unit B 1981), *superseded on other grounds*, *United States v. Huntress*, 956 F.2d 1309 (5th Cir.1992) . . . . As a result, ***except where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal***. *See Phillips*, 664 F.2d at 1002-03.

*Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)(emphasis added).

The relevant inquiry with regard to motion to recuse under § 455(a) "is not the reality of bias or prejudice, but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The law is "well established that the recusal inquiry must be made from the perspective of a ***reasonable*** observer who is ***informed of all the surrounding facts and circumstances***." *Cheney v. United States District Court for the District of Columbia*, 124 S.Ct. 1391, 1400 (2004)(Scalia, J., as single Justice)(internal quotations and citations omitted; emphasis in original); *see also Thomas v. Tenneco Packing Co., Inc.*, 293 F.3d 1306, 1329 (11th Cir. 2002); *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). "The decision whether a judge's impartiality can reasonably be questioned is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney*, 124 S.Ct. at 1400. Also, "[t]o require recusal under Section 455(a) . . . the bias or prejudice of a judge must stem from an 'extrajudicial source.'" *United States v. Bobo*, NO. CR 04-C-0200-W, 2004 WL 1982513, at *4 (N.D. Ala. Aug. 30, 2004)(citing *Liteky*, 510 U.S. at 555).

However, a judge faced with a § 455(a) motion is not required "to accept as true all allegations in determining whether a reasonable person would harbor doubts concerning his impartiality: for '[i]f a party could force recusal of a judge by factual allegations, the result

3

would be a virtual "open season" for recusal.'" *United States v. Bobo*, 2004 WL 1982513, at *4 (N.D. Ala.)(quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)).  "Unless the conduct reflects a "deep seated favoritism or antagonism that would make fair judgment impossible, . . . [s]trongly stated judicial views rooted in the record, a stern and short-tempered judge's efforts at courtroom administration, expressions of impatience, annoyance and even anger directed to an attorney or party should not be confused with judicial bias." *Id.* (quoting Committee Advisory Opinion No. 66).

Petitioner contends that this court should "disqualify" itself from this case because of alleged conversations between the court and counsel for the defendant and/or the government, and alleged conversations between the court and the probation officer who prepared defendant's presentence report.  Although the court disputes many of the statements in the Motion for Disqualification, the petitioner has not presented any evidence that the court has a "deep seated antagonism that would make fair judgment impossible."

Based on the foregoing, the court finds that Petitioner has not shown that this court's "impartiality might reasonably be questioned," 28 U.S.C. 455(a), by a "reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney*, 124 S. Ct. at 1400.

**2.   Personal Bias or Prejudice Concerning a Party, or Personal Knowledge of Disputed Evidentiary Facts Concerning the Proceeding**

Section 455(b)(1) states that a judge should recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."   According to the Eleventh Circuit, "[r]ecusal under this

4

subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'"
*United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).  The party moving for recusal
must show actual bias or prejudice or knowledge of a disputed evidentiary fact by compelling
evidence.  *See O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001).

The court notes that  "judicial rulings are grounds for appeal, not recusal."  *Grove
Fresh Distributors, Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 641 (7th Cir. 2002)(citing
*Liteky*, 510 U.S. at 555; *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996)), *cert. denied*
538 U.S. 907 (2003).  "To require recusal under . . . Section 455(b) the bias or prejudice
of a judge must stem from an 'extrajudicial source.'"  *Bobo*, 2004 WL 1982513, at *4
(citing *Liteky*, 510 U.S. at 555).  Thus,

> Not all unfavorable disposition towards an individual (or his case) is properly
> described [as bias or prejudice].  . . .  The words connote a favorable or
> unfavorable disposition or opinion that is somehow wrongful or inappropriate,
> either because it is undeserved, or because it rests upon knowledge that the
> subject ought not to possess . . ., or because it is excessive in degree . . . .
>
> The judge who presides at a trial may, upon completion of the evidence,
> be exceedingly ill disposed towards the defendant who has been shown to be
> a thoroughly reprehensible person.  But the judge is not thereby recusable for
> bias or prejudice, since his knowledge and the opinion it produced were
> properly and necessarily acquired in the course of the proceedings, and are
> indeed sometimes (as in a bench trial) necessary to completion of the judge's
> task.  As Judge Jerome Frank pithily put it:  "Impartiality is not gullibility.
> Disinterestedness does not mean child-like innocence.  If the judge did not
> form judgments of the actors in those court-house dramas called trials, he
> could never render decisions."  *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d
> Cir. 1943).  . . .

*Liteky*, 510 U.S. at 550-51.

Petitioner alleges that the court had conversations off-the-record with his own counsel, with counsel for the United States and with the probation officer who prepared his presentence report.

Having read the Motion for Disqualification as well as the exhibits attached to the Motion, the court finds that Petitioner has not shown compelling evidence that the court is actually personally biased or prejudiced against him or that the court had personal knowledge of disputed evidentiary facts. Therefore, the court **DENIES** Petitioner's Motion for Disqualification pursuant to 28 U.S.C. § 455(b)(1).[1]

**DONE** this 13th day of September, 2005.


_Sharon Lovelace Blackburn_
_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[1]The court notes that in an Order entered March 13, 2000, the undersigned judge vacated the Magistrate Judge's Order and found that Stovall's appeal was timely filed due to excusable neglect. Also, despite the court's opinion that the defendant's sentence was inadequate, it reduced defendant's sentence. There is simply no evidence that the undersigned is "personally biased or prejudiced" against the defendant, therefore, disqualification or recusal is not warranted.

6